IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>v.<br><br>$14,245.67 IN THE UNTIED STATES CURRENCY SEIZED FROM CAPITAL ONE BANK ACCOUNT NO. XXX4049<br><br>$64,707.34 IN THE UNITED STATES CURRENCY SEIZED FROM JP MORGAN CHASE BANK ACCOUNT NO. XXX1501<br><br>$78,451.83 IN THE UNITED STATES CURRENCY SEIZED FROM JP MORGAN CHASE BANK ACCOUNT NO. XXX2062<br><br>$344,900.00 IN THE UNITED STATES CURRENCY SEIZED FROM 117 KING RANCH COURT IN FORT WORTH, TEXAS<br>　　Defendant Property *In Rem*. | Civil Action No. 3:13-CV-4495-N |

## ANSWER TO COMPLAINT FOR FORFEITURE AND DEMAND FOR JURY TRIAL

COMES NOW, Noble Ezukanma, M.D., UNEC Group, Inc., and Noble Ezukanma, M.D., P.A., "Claimants" or "Claimant" herein, and files this Answer to the Complaint for Forfeiture *In Rem.*("Complaint") , as follows:

1.　　The allegations contained in Paragraph 1 of the Complaint are admitted.

2.　　The allegations contained in Paragraph 2 of the Complaint are admitted.

3.　　The allegations contained in Paragraph 3 of the Complaint are admitted as to Defendant Property $344,900.00, $64,707.34, and $78,451.83. However, the allegations are denied as to Defendant Property $14,245.67, which was seized from Noble Ezukanma, M.D.,

P.A.

4. Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are denied. Also, Noble Ezukanma, M.D., P.A. is a Claimant, but has not been served with notice, or with the complaint.

9. Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. Claimants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14.

## ADDITIONAL DEFENSES

15. Plaintiff lacks probable cause for the institution of this forfeiture suit.

16. The searches of Claimants' property, home, premises and locations were

unreasonable and in violation of the Fourth Amendment to the U.S. Constitution, the Fifth Amendment to the U.S. Constitution, and the Fourteenth Amendment to the U.S. Constitution. All of the evidence and property seized and the fruits thereof must be suppressed and/or released.

17. Plaintiff has waived or forfeited its rights by a delay in service of the Claimants. Though this case was filed on November 8, 2013, Claimant was not served until February 28, 2014. This delay is without explanation or without just cause. Plaintiff failed to exercise due diligence. The law requires Plaintiff to bring this action within 90 days of a claim received by the federal agency. Said claim was received on August 13, 2013, and thus this action had to be prosecuted on or before November 11, 2013. By failing to exercise due diligence in serving the Claimant, Plaintiff failed to prosecute this matter within the time required. Thus, the property should be released. Additionally, Claimant, Noble Ezukanma, M.D., P.A., was never sent notice of the seizure and was not served with process in this case.

18. Claimants are the innocent owner of the property which is the subject of this lawsuit. Claimants have not committed a criminal offense, and the property was not derived from a criminal offense.

19. Claimants earned the Defendant property money from proper and legitimate means, and saved the money through proper and legitimate means. The Defendant Property was not derived from any wrongdoing or any criminal activity.

20. Claimants are innocent owners under the common law, under the constitution, and under the Civil Asset Forfeiture Reform Act ("CAFRA"). Claimant, Nobel Ezukanma's spouse is an innocent owner of the Defendant property under the common law, under the constitution, and under CAFRA.

21. Some or all of the subject property is community property and is jointly owned by

Claimant and his spouse. Claimant and/or his spouse are innocent owners of the property. Claimant's spouse has not been served or given proper notice of this lawsuit, or of the government's attempt to seize and/or forfeit the property.

22. Some or all of the subject property was earned by Claimant from other services, other than medicare reimbursements. Claimant is a physician who has a private practice which is separate and apart from, and unrelated to, the medicare claims which are the subject of this lawsuit. A large portion of the subject property was earned from the said private practice and was not earned from the treatment or billing of the medicare patients who are the subject of this lawsuit. Claimant earned the subject money from activities and professional services which are unrelated to the allegations in this lawsuit.

23. The forfeiture is constitutionally excessive in violation of the U.S. Constitution and the Eighth Amendment thereto.

24. The forfeiture amounts to an excessive fine in violation of the U.S. Constitution and the Eighth Amendment thereto.

25. The forfeiture is excessive under CAFRA, 18 USC sec. 983.

26. The subject property is not connected to the offense, or the alleged offense. Some or all of the subject property is not connected to, and/or was not derived from, the alleged wrongdoing or the alleged offense.

27. Some or all of the subject property is not directly traceable to the alleged wrongdoing or the alleged offense. Additionally, this lawsuit was not filed within one year of the offense as required by law. Some or all of the property was acquired and saved over a period of several years. This action was not brought within one (1) year of the date of the alleged offense. Thus, the property should be released.

28. The complaint fails to allege the facts with particularity as required by Rule E(2) and therefore is not sufficient to support the cause of action for forfeiture. Plaintiff required to allege a particularized complaint due the nature of forfeiture actions.

29. Claimants seek recovery of all attorney fees and other litigation costs and expenses reasonable and necessary for the defense of this action. Claimants have had to hire the undersigned counsel to represent Claimants in this action. Claimants seek recovery of all reasonable and necessary attorney fees, and other costs and expenses of litigation, for the defense of this matter, including in the trial court, and in appellate courts of all levels.

30. Claimants have been damaged and injured by the government's actions in seizing Claimants' property and attempting to forfeit the property. Claimants have suffered the loss and conversion of Claimants' property.

31. Claimants contest and dispute the allegation or assertion that the subject property is subject to forfeiture.

32. Claimants contest and dispute the allegation or assertion that the subject property is proceeds of an unlawful activity.

33. Claimants have filed a "claim" or claims in this case related to the subject property and said "claim" is incorporated herein by reference as if fully set forth herein.

34. Defendant Property $14,245.67 is owned by Noble Ezukanma, M.D., P.A. However, Plaintiff has failed to comply with all required procedures under CAFRA and other federal law and has failed to perform all conditions precedent to forfeiture of said defendant property. Noble Ezukanma, M.D., P.A. was not given proper notice, was not notified of the agency seizure of property, was not named as a potential claimant, has not been served with the Complaint for Forfeiture in this case, and was not afforded due process in this case. The

Defendant Property should be released.

## DEMAND FOR JURY TRIAL

35. Claimants make a demand for a jury trial on all issues in this case.

WHEREFORE, PREMISES CONSIDERED, Claimants pray that this Court dismiss Plaintiff's Complaint; enter judgment in favor of Claimants; deny the issuance of a certificate of probable cause; and award attorney fees and expenses of litigation to Claimants; that all costs be taxed against Plaintiff; and that Claimants be awarded all such other and further relief to which they may be entitled at law or in equity, special or general, and as the Court deems proper and just.

Respectfully submitted,

_____
HENRY J. ACKELS
State Bar No. 00829950
henry@ackelslaw.com
ACKELS & ACKELS, L.L.P.
3030 LBJ Freeway, Suite 1550
Dallas, TX 75234
Tel: 214-267-8600
Fax: 214-267-8605
Attorney for Claimants

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he has or will have served a copy of the foregoing instrument upon Lea A. Carlisle, Assistant U.S. Attorney, 1100 Commerce, Third Floor, Dallas, TX 75242 by U.S. Mail with sufficient postage to assure delivery, this _16_ day of _April_, 2014, and by E-service electronically.

_____
HENRY J. ACKELS